## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ARON M. STEPHENSON**, *pro se* | * | |
| | * | |
| Plaintiff | * | |
| | * | **Civil No. PJM 14-700** |
| v. | * | |
| | * | |
| **PANERA BREAD, LLC** | * | |
| | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Aron M. Stephenson, *pro se*, sued Panera Bread, LLC ("Panera")[1] in the Circuit Court for Prince George's County, alleging harassment, discrimination, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Panera removed the case to this Court and filed a Motion to Dismiss [Paper No. 12],[2] to which Stephenson has filed a pleading styled "Response for Pre-Trial Hearing". Having considered the Motion, the Court **GRANTS** it **WITH PREJUDICE** as to all counts.

## I.

Although the Complaint provides little factual detail, the Court has pieced together what appears to be the gist of Stephenson's allegations from the exhibits to the Complaint.[3]

While employed as a driver for Panera, Stephenson lodged an internal complaint with it, alleging that he had been subjected to discriminatory treatment by Panera's Director of the

---

[1] Defendant represents that the correct corporate entity is Panera, LLC.

[2] Panera requests a hearing on its Motion. Stephenson also requests a hearing.

[3] The Court may consider documents attached to the complaint "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

National Fleet Safety department.  Stephenson says that, in retaliation, Panera changed his usually scheduled route assignments such that he lost income and worked fewer days.

Consequently, Stephenson filed a Charge of Discrimination ("Charge") with the Human Relations Commission of Prince George's County ("HRC") and the EEOC, listing only retaliation as the basis for the Charge.  After the Charge was filed, however, Panera suspended and subsequently terminated Stephenson.  The fact of suspension and termination apparently came to the attention of the HRC before it issued its decision in the case.

The HRC determined that Panera had conducted its own internal investigation into Stephenson's complaint, and had found no illegal discrimination, although the Director of the National Fleet Safety department, for whatever reason, had been given a "verbal-written warning".   The HRC further found that Panera properly terminated Stephenson for acting inappropriately with a customer and for insubordination.  It concluded that there was insufficient evidence to support Stephenson's allegation that he was subjected to any adverse action as a result of his internal complaint or as a result of his Charge with the HRC, in short that he was not retaliated against.  The EEOC adopted the findings of the HRC.

In his action in the Circuit Court for Prince George's County, Stephenson asked for "re-hire, back-pay until gainful employment with the company, driver status update for route selection, and any other pension loss."  In this Court, he sues Panera for harassment, discrimination and wrongful termination pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*

In its Motion to Dismiss before this Court, Panera argues that Stephenson has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); that service of process was deficient pursuant to Fed. R. Civ. P. 12(b)(5); and that, in any event, the Court

lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Although the Court sent

Stephenson a letter informing him that he could file an opposition to the Motion to Dismiss, his

only response has been to request a hearing.

The Court finds no need for a hearing in this case, because the Complaint can be disposed

of as a matter of law.  *See* Local Rule 105.6.

## II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "The

plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a

defendant has acted unlawfully.'"  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)

(quoting *Iqbal*, 556 U.S. at 678).  "It requires the plaintiff to articulate facts, when accepted as

true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of

entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

A Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not

in dispute and the moving party is entitled to prevail as a matter of law."  *Richmond,*

*Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  "The

plaintiff has the burden of proving that subject matter jurisdiction exists."  *Evans v. B.F. Perkins*

*Co*., 166 F.3d 642, 647 (4th Cir. 1999).  When a defendant challenges subject matter jurisdiction

pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the

issue, and may consider evidence outside the pleadings without converting the proceeding to one

for summary judgment."  *Id*. at 647 (quoting *Richmond*, 945 F.2d at 768).  Although the court

"must generally accept as true all factual allegations pled in the complaint . . . [the court] is 'not

3

bound to accept as true legal conclusions couched as factual allegations.'" *Doe v. Sebelius*, 676

F. Supp. 2d 423, 428 (D. Md. 2009) (quoting *Iqbal*, 556 U.S. at 662) *aff'd sub nom. Doe v.*

*Obama*, 631 F.3d 157 (4th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the sufficiency

of a complaint, but does not resolve factual contests, the merits of a claim, or the applicability of

defenses. *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (citing 5A

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In

considering such a motion, the court ordinarily accepts the complaint's factual allegations and

draws any reasonable factual inferences in favor of the plaintiff.  *Robertson v. Sea Pines Real*

*Estate Companies, Inc*., 679 F.3d 278, 284 (4th Cir. 2012).

A plaintiff proceeding *pro se* is held to "less stringent standards" than is a lawyer, and the

court must construe his claims liberally, no matter how "inartfully pleaded."  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007).  Nevertheless, even a *pro se* complaint must meet a minimum threshold

of plausibility.  *See O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010).

### III.

Assuming *arguendo* that Stephenson's service of process was proper, the Court clearly

lacks subject matter jurisdiction to adjudicate his claims.

An employee seeking redress for discrimination cannot file suit in district court until he

or she has exhausted the administrative process. *See* 42 U.S.C. § 2000e–5(b).  "In any

subsequent lawsuit alleging unlawful employment practices under Title VII, a federal court may

only consider those allegations included in the EEOC charge." *Balas v. Huntington Ingalls*

*Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013), *citing Evans v. Techs. Applications & Serv. Co*.,

80 F.3d 954, 962–63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint.'').

Before the HRC and the EEOC, Stephenson only asserted a claim based on retaliation; his Charge made no claim of harassment, discrimination, or wrongful termination.[4]  As a result, the Court has no authority to consider claims that Stephenson failed to raise in the administrative proceedings below.  *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.").

## IV

Even if Stephenson had exhausted his administrative remedies, Court would find that he has failed to state a claim for which relief may be granted pursuant to Rule 12(b)(6).  He baldly asserts claims of harassment, discrimination, and wrongful termination without alleging the most basic element of any such claim under Title VII, namely the basis upon which he was discriminated against.  Title VII only protects employees from discrimination by an employer based on "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1)-(2).  It does *not* protect against even arbitrary or unfair employer actions in the absence of one or more of these grounds as the motivating factor.  Stephenson has failed to allege that he even is a member of a protected class, let alone that any action taken against him was discriminatory in the Title VII sense.  *See, e.g.*, *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc) (wrongful termination claim requires showing that plaintiff is a member of a protected class); *Spicer v. Virginia Dep't of Corr.*, 66 F.3d 705, 710 (4th Cir. 1995) (to prove a

---

[4] A wrongful termination claim is distinct from a claim that Panera violated Title VII by terminating him in retaliation for his internal complaint or Charge.  *Compare Laber v. Harvey*, 438 F3d 404, 432 (4th Cir. 2006) (reciting elements of retaliation claim) *with Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc) (listing elements of wrongful termination claim).

Title VII claim for sexual harassment, plaintiff employee must prove the conduct was based on the plaintiff's sex).  In short, the Complaint does not articulate plausible Title VII claims of harassment, discrimination, or wrongful termination.

**V.**

For the foregoing reasons, the Court **GRANTS WITH PREJUDICE** Defendant's Motion to Dismiss [Paper No. 12] as to all counts.

A separate Order will **ISSUE**.

.

_____/s/_____

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**May 28, 2014**